Phebe H. Hibbert

*v.*

Robert J. Hibbert.

[Submitted February 5th, 1907. Decided February 21st, 1907.]

1. Where the domicile of matrimony is in a certain state, and the husband deserts the wife, the domicile of the wife continues in that state until she has acquired one elsewhere.

2. The law will not presume the place of birth as a domicile, based upon the abandonment of the last domicile, without the intention of adopting a new one, unless the evidence clearly establishes the facts on which that presumption is based.

3. In an action for divorce, evidence *held* not to show an abandonment by the complainant of the domicile of matrimony.

On bill for divorce for desertion. On exceptions to report of master advising against a decree of divorce.

*Mr. Ulysses G. Styron,* for the exceptant.

LEAMING, V. C.

The sole question for determination is one of jurisdiction. Complainant was deserted by her husband, in Atlantic City, more than two years prior to the filing of the bill. They had resided there continuously since their marriage. The desertion is fully established by the evidence. The only question for consideration is whether or not complainant maintained her domicile at Atlantic City during the period between the desertion and the filing of the bill. The doubt cast upon that question arises from the fact that during the period named complainant, being without means, was obliged to accept employment which necessitated her absence from this state during almost the entire time. Soon after the desertion she sold most of her household goods and stored the remainder with a friend in Atlantic City, and accepted employment as demonstrator. At that time it was entirely manifest that the desertion of her husband was a finality with no reasonable hope of his return. Complainant's duties as demonstrator were almost wholly out of this state and were chiefly in Philadelphia, New York, Washington, Albany, Troy and other large cities, at which points she would demonstrate for her employers. While demonstrating in New York, Brooklyn and Troy she spent much of her time with her married daughter in Easton, New York. She seldom returned to Atlantic City, but when there boarded with the friend with whom her goods were stored.

The domicile of matrimony having been in Atlantic City, and the husband having there abandoned complainant to avoid his matrimonial obligations, the domicile of complainant continued in Atlantic City and is still there, unless a new domicile has been acquired by her elsewhere. *Haddock* v. *Haddock, 201 U. S. 562, 570; Watkinson* v. *Watkinson, 68 N. J. Eq. (2 Robb.) 632, 638.* The testimony clearly discloses that complainant has not acquired a new domicile *animo et facto.* Since her first departure from

Atlantic City she has not made for herself the semblance of a home elsewhere, and it is manifest that she has at no time entertained any fixed purpose to do so. The utmost that can be said adverse to her continued domicile at Atlantic City is that she may not have retained a fixed purpose to return there permanently. I think a fair deduction from the testimony is that during most of the period of her absence from Atlantic City she did not know whether it would ever be possible for her to return to that city permanently, but that she wished to do so and only remained away from necessity. Had she definitely abandoned the hope or expectation of returning to Atlantic City as her home and continued a wanderer with no new domicile adopted by her either in fact or intent, then her domicile of origin, which was Delaware, might have become her legal domicile. *Valentine* v. *Valentine*, *61 N. J. Eq. (16 Dick.) 400, 406*. But the testimony will not support that view. Before the law will artificially establish the place of birth as a domicile, based upon the abandonment of the last domicile without the intentional adoption of a new one, the evidence should clearly establish the facts on which that unusual presumption is based. I do not think that the conclusion can be properly drawn from the evidence that complainant has, at any time, abandoned her Atlantic City domicile.

I will advise a decree in accordance with the prayer of the bill.